**HUNT DEVELOPERS, INC., Appellant,**

v.

**WESTERN STEEL COMPANY, Appellee.**

No. 244.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 17, 1966.

Rehearing Denied Dec. 15, 1966.

John A. Waller, Jr., Corpus Christi, for appellant.

William R. Anderson, Jr., of Sorrell, Anderson & Porter, Corpus Christi, for appellee.

## OPINION

NYE, Justice.

Appellee Western Steel Company sued Hunt Developers, Inc., the owner of certain properties, and contractor Gerald DeGough, d/b/a G & G Construction Company on an open account to establish and foreclose a statutory materialman's lien. Trial was to the court without the aid of a jury and resulted in a judgment against the contractor and owner of the properties.

The court entered an interlocutory default judgment against DeGough, contractor, for the amount of the open account ($2,499.36) plus $600.00 attorneys' fees, and subsequently made such judgment final. Final judgment was further rendered in favor of Western Steel Company, the materialman, for the amount of its account against Hunt Developers, Inc. and foreclosing the liens against Hunt's properties. No appeal has been taken by DeGough as to judgment against him. Hunt has perfected its appeal to this court.

Appellant, Hunt Developers, Inc., hereinafter referred to as owner, employed Gerald DeGough, d/b/a G & G Construction Company, hereinafter referred to as contractor, to do the concrete work on the foundations and driveways for the construction of houses on eight lots of owner. Contractor ordered reinforcing steel, wire mesh and anchor bolts from Western Steel Company, hereinafter called materialman, to be used in the construction of the houses on owner's property. Owner's agreement with contractor was oral and no provision was made for any retainage. The concrete work was performed and completed by contractor at various times on the eight lots. As agreed upon, owner paid the contractor almost immediately after the completion of the concrete work on each lot. The first delivery of materials to the contractor was on or about February 15, 1965 and the last delivery was made on or about March 5, 1965. The contractor did not pay the materialman.

On May 18, 1965 materialman filed its lien affidavit against the properties involved. This affidavit was filed within thirty days after the work had been completed as to six lots and more than thirty days as to two lots. The trial court disallowed the lien against the latter two lots and entered judgment foreclosing materialman's lien on the remaining six lots of owner. It was stipulated that ten percent of the total cost of each house was more than materialman's claim against each. Materialman notified Hunt on May 4, 1965 that he had furnished material to contractor. On May 6, 1965 the owner advised the attorneys for materialman that contractor had already been paid. The notice was mailed to owner less than ninety days after all of the material was delivered.

Appellant-owner's first point is to the effect that the notice mailed by materialman to the owner was ineffective to establish a lien to the fund that should have been retained by the owner under Article 5469, Vernon's Ann.Civ.St.

Materialman's notice was as follows:

"You are hereby notified that the undersigned, under the provisions of Article 5453, Vernon's Annotated Civil Statutes, hereby gives notice of an unpaid balance due to the undersigned, Western Steel Company, by Jerry DeGough, doing business as G & G Construction Company, in the amount of Two Thousand Four Hundred Ninety-Nine and 36/100 Dollars ($2,499.36). This indebtedness is for the furnishing of reinforcing steel, wire mesh and anchor bolts in the construction of houses on lots set forth below. The specific amount due on each lot is set forth below. The claim of the un-

dersigned against Jerry DeGough, doing business as G & G Construction Company, became due as is set forth below:

| Due Date of Claim | Lots Against Which A Lien is Claimed | Amount of Claim |
|---|---|---|
| (Dates) | (Lot and Block No.) | (Amount in dollars) |
| | Total | $2499.36 |

WESTERN STEEL COMPANY"

This notice was sent by certified mail on May 4, 1965, return receipt requested.

In a letter dated May 6, 1965, owner advised materialman's attorneys as follows:

"Gentlemen:

We have today received notice from you regarding the claim of Western Steel Co. against Jerry DeGough doing business as G & G Construction Co. in the amount of $2,499.36.

"The balance due on each job listed in the notice has been paid by us to G & G Construction Co."

In a letter dated May 7, 1965, materialman, through his attorneys advised owner as follows:

"Dear Mr. Hunt:

This will acknowledge receipt of your letter of May 6, 1965. We assume from your letter that you have not complied with Article 5469 of Vernon's Annotated Civil Statutes, and, therefore, we will claim a lien as set forth under such Statute."

No other notice was given to the owner. Thereafter, on May 18, 1965, materialman filed its lien affidavit.

The primary question to be decided is whether or not the notice mailed by materialman was sufficient under the statutes to entitle the materialman to a lien under Article 5469, V.A.C.S. Appellant-owner contends that the notice received by the owner was simply a statement that contractor owed materialman a certain amount of money and was insufficient as a matter of law to entitle the materialman to a lien under Art. 5469, V.A.C.S. Appellant advances several grounds for his conclusion.

(1) It does not contain any itemization of any description whatsoever of the type of materials furnished.

(2) It does not contain a statement or billing in the usual and customary form as is stated under the statute to be sufficient.

(3) It does not contain any statement to the effect that the owner of the property, if the bill remains unpaid, may be personally liable and his property subjected to a lien, which is necessary in order to authorize an owner to retain funds.

(4) It does not contain a demand to the owner to pay the claim as required under Article 5453(3).

It is appellee's position that he has complied with the applicable mechanic's and materialman's lien laws and since owner failed to retain ten percent of the contract price as required under Article 5469, V.A.C.S. for thirty days after the work had been completed, owner is liable and his property is subject to a materialman's lien to the extent of the amount of the fund that should have been retained under Article 5469, V.A.C.S.

■ Appellant's grounds one and two above are without merit. The fact that materialman did not send a statement or billing in the usual or customary form does not make the notice ineffective. This statement or billing is not a requirement, but merely a suggested one as being sufficient. The notice did itemize the material furnished as being reinforcing steel, wire mesh and anchor bolts for the construction of houses on lots owned by the appellant. Certainly, it is conceivable that this itemization might be more descriptive than the customary billing or statement which the statute provides as being sufficient. See Murchison v. Caruth Building Service, 369 S.W.2d 380, Tex.Civ.App. (1963), ref. n. r. e.

■ Appellant's contention under Number (4) that the notice did not contain a demand does not make the notice deficient. Such demand under Art. 5453, Section 3, is applicable where a claimant is desirous of demanding payment of his claim by the owner as prescribed in Art. 5454, V.A.C.S. When an owner has withheld payment from the original contractor pursuant to Art. 5463 and a claimant gives timely notice to the owner that his claim has accrued (Art. 5467) or is past due, then the claimant may make demand in writing to the owner with a copy to the contractor. If the contractor shall not within thirty days after receiving such demand advise the owner in writing that he intends to dispute the claim then the contractor shall be considered as having consented to the demand and the owner may pay the claimant. Demand is not a necessary prerequisite to a valid notice to claim a lien under Art. 5469, V.A.C.S.

■ Appellant contends that in order to be entitled to the claimant's fund under Art. 5469, V.A.C.S., notice must be given in accordance with Art. 5453, 2b(2) accompanied with the warning that if the bill remains unpaid the owner may be personally liable and his property subject to a lien unless he withholds payment from the contractor or unless the bill is otherwise paid or settled. It is true that this warning must be given in order to trap funds under Art. 5463 but it is not necessary or contemplated under Art. 5469. A brief discussion of these articles is necessary for this conclusion.

Prior to the change in the "mechanics', contractors' and materialmen's" lien law in 1961, Article 5463, V.A.C.S., limited the owner's liability. This article provided in part: "But the owner shall in no case be required to pay, nor his property be liable for, any money that he may have paid to the contractor before the fixing of the lien or before he has received written notice of the existence of the debt." See Berry v. McAdams, 93 Tex. 431, 55 S.W. 1112, Supreme Court (1900) and the many cases found in Shepard's Texas citations under this citation; Marek v. Goyen, 346 S.W.2d 926, Tex.Civ.App.(1961); 38 Tex. Jur.2d, Sec. 69, page 632. The owner, under the new revised statutes, as well as the former ones cannot be liable for more than the contract price if he complies with the statutes. Article 5463, Paragraph 2, V.A. C.S., still limits the owner's liability in that he "shall in no case be required to pay, nor his property be liable for, any money, other than that required to be retained by him under the provisions of Article 5469 hereof, that he may have paid to the contractor before he is authorized under this Article to retain the money." If the owner fails to comply with the statute and pays to the contractor money due under the contract after he has received proper notice in accordance with Article 5453, V.A.C.S., he may be liable for that which he was authorized to retain under Art. 5463, and in addition the money he is required to retain under the provisons of Art. 5469, V.A.C.S.

■ Where derivative claimants give proper notices in accordance with Article 5453, V.A.C.S., prior to the payment by the owner to the contractor, such notices operate much in the same way as do writs of garnishment. 38 Tex.Jur.2d, Section

41, p. 594. These derivative claimants can only acquire liens by giving the proper notices required by the statute (Article 5453, V.A.C.S.) and by filing with the county clerk proper affidavits claiming their lien. (Owner makes no contention that contractor's affidavit was not timely filed or was insufficient in any manner.) This is the same as was provided under the old statute. Even though a notice is given within the time prescribed by the statute it may come too late to impound funds in the owner's hands. If all of the funds owing to the contractor have been paid to him by the owner under the terms of the contract prior to the receipt of the notice, there may be nothing left to which the claimant's lien can attach, unless it is those funds provided for in Article 5469, V.A.C.S.

█ Under the old law Article 5469, V.A.C.S., the owner was required to retain in his hands ten percent of the contract price for a period of thirty days after the completion of the work. This fund that was required to be retained by the owner, was for the benefit of artisans and mechanics. This duty was imposed upon the owner even though he had no notice of the outstanding claims at the time the job was completed. If the artisans and mechanics gave timely notice and perfected their liens they obtained an enforceable lien against the owner's property and a claim against the owner to the extent of ten percent of the contract price. Miller v. Harmon, 46 S.W.2d 342, Tex.Civ.App.(1932). The new statute as amended preserves a preference in this same fund for the same thirty-day period, not only for artisans and mechanics, but further, after they have been satisfied, to all other claimants who may share ratably in the balance to the extent of their claims. This imposes a duty upon the owner to withhold ten percent of the contract price for the benefit of those who would qualify under this statute. It is to the extent of this fund that appellee materialman makes claim for a lien.

In order for a claimant to qualify for a lien to the extent of this fund required to be retained by the owner, he "shall send notices in the time and manner required by this Act and shall file affidavits claiming a lien not later than thirty (30) days after the work is completed * * *." Article 5469, V.A.C.S.

Article 5453 makes the notice requirement a condition precedent to the validity of such claims under these Acts. Chapter 2, Title 90, Articles 5452–5472d as amended in 1961, 57th Legislature. The Act provides in part:

"Such notices shall be sent by certified or registered mail, addressed to the owner, and where required by this Article to the original contractor, at their last known business or residence address. A copy of the statement or billing in the usual and customary form shall suffice as a notice under this subparagraph; *provided, however, if such statement or billing is to be effective to authoriz? an owner to retain funds for the payment of such claim as provided in Article 5463 of this Act,* it shall contain or be accompanied by some form of statement to an owner to the effect that if the bill remains unpaid he may be personally liable and his property subjected to a lien unless he withholds payments from the contractor for the payment of such statement or unless the bill is otherwise paid or settled." (emphasis supplied)

The notice requirement under Article 5453, paragraphs 2a, 2b(1), 2b(2) first paragraph, and 2c, make no reference to the requirement that a warning must be given to the owner to make the notice effective. Yet these are notice requirements that are sufficient under certain circumstances. Article 5469 provides that notice must be given in the time and manner required by this Act. This Act under 5453, 2b(2) first paragraph, provides that "Where the claim consists of a lien claim arising from a debt incurred by the original contractor, (as here) * * * notice to

the owner, as prescribed in paragraph 2b(1) of this Article will be sufficient." If the notice under 2b(1) is sufficient, then the warning is not required, as no mention of warning is given under 2b(1).

The notice provision under 2b(2) second paragraph, where the warning provision is contained, confines it to the trapping of funds under Art. 5463, V.A.C.S. Article 5453 says: *"provided, however,* if such statement or billing is to be effective to authorize an owner to retain funds for the payment of such claim *as provided in Article 5463* of this Act * * *." (emphasis supplied). it shall contain the statutory warning. Article 5463, V.A.C.S. provides that the owner may, when notice of claims have been received, retain in his hands the amounts of money necessary to pay the claims from payments or part payments to the original contractor under certain numerated conditions. This is the retained fund provision which authorizes the owner to deduct from the amount due the contractor and requires the contractor to defend certain suits. The warning provision is not applicable to Article 5469, V.A.C.S.

Article 5469 requires the owner to retain in his hands during the progress of the work and for thirty days after the work has been completed to secure the payment of claimants with preference to artisans and mechanics ten percent of the contract price to the owner. It is undisputed that the owner did not retain any funds. The owner paid the contractor in full as soon as he completed the job. The materialman gave the owner notice within thirty days after the work had been completed that his materials had not been paid. His affidavit was duly filed, the validity of which is uncontested, within ninety days after his indebtedness accrued. It would have served no purpose for materialman to have given the owner the statutory warning in addition to the notice for two reasons: (1) Article 5469, V.A.C.S. fixes the duty on the owner to retain funds for lien claimants for thirty days after the job has been completed and

(2) the owner had already paid out the amounts owed to the contractor and therefore there were no retained funds existing as required by Article 5469, V.A.C.S. The emergency clause in connection with Ch. 382, p. 872, of the Laborers' and Materialmen's Lien Law, 57th Legislature, 1961 provides: "the fact that the existing Statutes governing mechanics and materialmens lien are antiquated, vague, and ambiguous, and have been the subject of numerous conflicting court decisions *resulting in loss of liens through technicalities,* creates an emergency * * *." (emphasis supplied)

The materialman-appellee substantially complied with all the provisions of the mechanics' and materialmen's lien act. This compliance is especially sufficient where no one has been misled to his prejudice. The Legislature did not intend that the materialman should lose his lien through the technicalities of a warning, where the owner was not misled to his prejudice. Appellant's first point is overruled.

Appellant's third point of error is that the ten percent provision under Article 5469, V.A.C.S. concerns only ten percent of the contractor's contract and not ten percent of the contract price of the house. Article 5469 V.A.C.S. clearly states that the owner is to retain ten percent of the contract price. This does not refer to a particular contract, a subcontract or anything less than the contract price of the building. Miller v. Harmon, 46 S.W.2d 342, Tex.Civ.App.(1932). Appellant argues that under the old statute ten percent of the entire contract must be withheld but that under the 1961 amendment this was modified. The amendment of Article 5469 in 1961 still requires the owner to withhold ten percent of the contract price to secure the payment of claimants who qualify under this Act. We hold that Article 5469 requires the owner to retain ten percent of the entire contract price of the building.

Lane-Wells Company v. Continental-Emsco Company, 397 S.W.2d 217, Tex.Sup.Ct. (1965). Appellant's point is overruled.

We have considered appellant's other points and overrule them.

Judgment of the trial court is affirmed.