Alvin M. ROSENTHAL et al., Appellants,

v.

EXECUTIVE CAR LEASING COMPANY OF HOUSTON, Appellee.

No. 15374.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 29, 1968.

———◆———

Robert P. Jungman, and Jungman & Brannon, Houston, of counsel, for appellants.

Anthony L. Vetrano, Jr., Houston, for appellee.

BELL, Chief Justice.

After trial to the court without a jury, judgment was rendered against appellants, Alvin M. Rosenthal and Carl C. Patrick, "jointly and individually", in the amount of $1617.75. This represents the amount of $1217.75 found to be due and unpaid under a car leasing contract and $400.00 was allowed as a reasonable attorney's fee authorized by the contract.

Appellants assign this one point of error:

"The trial court erred in rendering judgment against appellants for the difference between the appraised value and the amount due under the least contract, particularly against appellant Alvin M. Rosenthal, because appellee did not give its notice, or offer to purchase, to the defendants as required under the lease agreement, thereby placing a greater burden on appellants than the contract required."

Under this point the only item of the recovery allowed, which is attacked, is in the amount of $734.04 which represents the difference between the depreciated value of $3384.04 of the automobile and the price of $2650.00 for which it was sold.

Insofar as material to this appeal only paragraph 4 of the contract is applicable. It provided that if the rented vehicle is returned or repossessed by reason of default by the lessees an appraisal of it shall be made at its then wholesale value. It is then provided as follows:

"Lessor shall then notify lessee of the amount of such appraisal by mailing such notice to lessee at the address stated above, or such other address as lessee may have notified Lessor in writing, or by any other method deemed by lessor to give actual notice to lessee. Such notice shall be an offer by lessor to sell the leased vehicle at the appraised value, within 10 days from the date of mailing or giving such notice, and unless lessee accepts said offer and tenders the consideration in full then such offer will deem to have been rejected and lessee will be bound by such appraisal. * * * if the depreciated value of said vehicle exceeds the appraised wholesale value, then, in such event, lessee shall forthwith pay lessor an amount equal to the excess as additional rental * * *."

Mr. Rosenthal pleaded as a defense the failure of appellee to give him notice of the appraised value and thus a failure to give him an opportunity to purchase the vehicle. Mr. Patrick made no such defense.

The evidence shows that the original value was $3879.70. The depreciation reserve accumulated through payment by lessees was $495.66. This, under the contract, fixed the

depreciated value at $3384.04. The appraised value was $2400.00 but the vehicle sold for $2650.00 and lessor gave lessees credit for this amount.

■ There is no evidence of probative force showing Mr. Rosenthal was given notice of the appraised value of the vehicle as required by the lease. Appellee seeks to show written notice by introducing in evidence an envelope postmarked October 6, 1965. It was shown by the return address that the envelope was from lessee. It was addressed to Mr. Rosenthal at his home address. It was sent registered mail with return receipt requested. On the envelope in handwriting is written "Refused". Who wrote this and who refused to accept it we are not informed. Mr. Rosenthal denied any knowledge of the attempted delivery and denied any refusal. Whoever refused to accept it was justified in doing so because it shows postage due of fifty cents. An envelope postmarked October 12, 1965, was also introduced. It gave appellee's return address. It was addressed to Mr. Rosenthal at his home address. It was sent by certified mail. There is a handwritten notation "Notified No Response". Also there is a stamped notation "Return to Writer" and a check mark showing the reason to be that it was unclaimed. Too, the last letter, if received, would not have given the requisite ten days' notice because the testimony of appellee's witness was that the sale was on October 16, 1965. Mr. Rosenthal denied any knowledge of this and there is no showing as to who made the notations. There is no claim of any other effort to notify him as provided in the contract of the appraised value of the vehicle or when it would be sold. It is really not proven by the testimony just what was enclosed in the envelopes and we can do no more than surmise that a letter attached to the envelopes was what was sent. It is apparently a copy of a letter to Mr. Patrick giving him the requisite notice. It shows a copy to Mr. Rosenthal. There was proper objection and the envelopes and letter should have been excluded. We do not disturb the judgment on the ground of their admission since there is no complaint of this by point of error. What we do hold is that in the light of the deficiencies in proof concerning them as above pointed out they are without probative force.

■ There is evidence that Mr. Rosenthal, a co-lessee, knew that Mr. Patrick, his co-lessee, was in default for three months' rental payments and that he notified Mr. Patrick to return the vehicle. This, however, is not the equivalent of notice as to the appraised value of the vehicle which is required by the contract and to which Mr. Rosenthal was entitled. Mr. Rosenthal testified if he had been notified he could have gone in and purchased the car.

There is no showing that Mr. Patrick received notice of the appraised value and he denies he did. However, he did not plead such as a defense and no testimony shows if he had notice he would have been able to purchase it. In fact, the only reasonable inference from his own testimony is that he would have been unable to do so.

The trial court seems to have been of the view that Mr. Rosenthal had actual notice of default in the payment of rental and this required him to seek out appellee concerning the appraisal put on the car. We are unable to agree. He had a right to rely on the notice provisions of the contract.

The judgment of the Trial Court as to the defendant Patrick is affirmed.

The judgment as to Rosenthal is reformed so as to disallow the above noted item in the amount of $734.04, leaving judgment against him in the amount of $883.71, together with 6% interest from the date of the judgment. As so reformed, the judgment as to the defendant Rosenthal is affirmed.