ZACK BURKETT COMPANY, Appellant,

v.

INDUSTRIAL INDEMNITY COMPANY, Appellee.

No. 2-83-057-CV.

Court of Appeals of Texas, Fort Worth.

Dec. 7, 1983.

Rehearing Denied Jan. 4, 1984.

Jennings, Dies & Turner, Frank Jennings and David W. Knight, Graham, for appellant.

Fillmore and Associates, H. Dustin Fillmore and Richard L. Scheer, Fort Worth, for appellee.

Before HUGHES, ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

ASHWORTH, Justice.

Appellant, Zack Burkett Company, sued M.J. Lang Construction Company, Inc., the general contractor, (Lang) and Industrial Indemnity Company (appellee) for collection against a statutory payment bond of a claim in the amount of $122,360.03 for labor and materials furnished in connection with the construction of a parking lot. Appellant also sought reasonable attorney's fees.

The trial court concluded after trial of the case that appellant had only perfected a claim under the payment bond in the amount of $20,689.00, which is the ten percent (10%) retainage provided for in the subcontract between appellant and Lang. The trial court also concluded that appellant had failed to perfect the remainder of its claim because appellant had not given the statutory warnings required pursuant to TEX.REV.CIV.STAT.ANN. art. 5453 (Vernon Supp.1982–1983). Judgment was rendered for appellant in the amount of $20,689.00 and attorney's fees of $7,500.00 through trial, and additional amounts of $5,000.00 and $2,500.00 if successful in defending appeals to the Court of Appeals and Supreme Court, respectively.

Judgment reformed and rendered.

In 1978, Lang entered into a contract with Roland Waters, as owner, for the construction of a K-Mart store in Wichita Falls. The contract price for this construction project was $1,400,000.00. In compliance with the terms of the contract, Lang procured a payment bond with appellee as surety. Thereafter, Lang entered into a subcontract with appellant for the paving of the K-Mart store parking lot. The subcontract price was $206,663.31.

Appellant furnished labor and materials and satisfactorily performed all work in the construction of the parking lot in September, 1979. The appellant submitted three statements to Lang in connection with the work performed. The first two of these statements were paid. The third statement, in the amount of $122,360.03, was not paid.

Appellant wrote a letter to Lang on December 7, 1979, demanding payment of the unpaid balance due and giving notice of an intent to file a lien if payment was not made within ten days. A copy of the letter was sent to the owner. Both the letter to Lang and the copy to the owner were sent certified mail, return receipt requested.

As appellant's claim remained unpaid, suit was filed against Lang and appellee. After suit was initiated, Lang went into bankruptcy. Appellant took a nonsuit against Lang in October, 1982. As a result of the bankruptcy proceedings, appellant received $18,354.00 in partial payment of his claim thereby reducing its claim to $104,006.03, plus interest and attorney's fees.

Appellant sets forth five points of error. In his first and second points, appellant challenges the trial court's ruling which limited appellant's recovery to the amount of the retainage required under the subcontract between Lang and appellant rather than the retainage required under the general contract between Lang and the owner. In its third point of error, appellant asserts that the trial court erred in ruling that it was necessary to give the statutory warnings required under TEX.REV.CIV. STAT.ANN. art. 5453(2) (Vernon Supp. 1982–1983) in order to perfect a claim against a payment bond under TEX.REV. CIV.STAT.ANN. art. 5469 (Vernon Supp. 1982–1983). In his fourth point of error, appellant contends that the trial court erred in concluding appellant had not substantially complied with the statutory warning provisions of art. 5453(2).

In order to "secure the payment of artisans and mechanics who perform labor or service, and to secure the payment of any other claimants furnishing material, or material and labor, . . ." art. 5469 provides that in the event work is done and a lien may be claimed under TEX.REV.CIV. STAT.ANN. art. 5452 (Vernon Supp.1982–1983), the owner must retain, during the progress of such work and for 30 days after the work is completed, ten percent (10%) of the contract price to the owner. Because art. 5469 fixes a duty on the owner to retain ten percent (10%) of the contract price regardless of the nature of the claim, there is no requirement that the statutory warnings, set out in art. 5453 of the Texas Revised Civil Statutes, be given to perfect a lien under art. 5469. *First Nat. Bank in Graham v. Sledge,* 653 S.W.2d 283 (Tex. 1983).

■ The mandatory notice under art. 5469 is that notice "required by this Act." This required notice is set out in art. 5453(2)(b)(2) which directs us to subparagraph (2)(b)(1) of art. 5453. Subparagraph (2)(b)(1) provides that the claimant shall give written notice of the unpaid balance to the owner not later than 90 days after the 10th day of the month next following the month in which the claimant's work was performed. We hold this requirement was satisfied by the letter dated December 7, 1979, to Lang with a copy to the owner. Appellant's recovery was not limited to ten percent (10%) of the subcontract price, and the ten percent (10%) general contract retainage was subject to appellant's claim. Appellant's points of error one, two, three, and four are sustained.

■ In its fifth point of error, appellant contends that the trial court erred in not awarding appellant the full amount of attorney's fees found in this case. The trial court found that a reasonable fee for appellant's attorney would have been $15,000.00 through the trial court, an additional $5,000.00 through the Court of Appeals and an additional $2,500.00 through the Texas Supreme Court had his claim been allowed in full. Appellant was awarded attorney's fees in the amount of $7,500.00. The trial court also awarded appellant $5,000.00 in attorney's fees if appellee appealed successfully to the Court of Appeals and $2,500.00 in attorney's fees if appellee appealed successfully to the Texas Supreme Court.

TEX.REV.CIV.STAT.ANN. art. 5472d(6) (Vernon Supp.1982–1983) provides that every claimant whose claim remains unpaid 60 days after compliance with paragraph 4 of article 5472d may recover reasonable attorney's fees. Such paragraph 4 provides that a claim, to be enforceable against the bond, may be perfected in the manner prescribed for fixing and securing a lien by art. 5453. We have held earlier in this opinion that the requirement of art. 5453 was satisfied. Appellant is entitled to the full amount of the attorney's fees found by the trial court. Appellant's fifth point of error is sustained.

■ The appellee counterclaims that the $18,354.00 received by appellant as a result of the bankruptcy proceedings involving Lang should have been applied to discharge the debt for which appellee is bound, and appellant's recovery should have been limited to $2,335.00.

At the inception of this suit, the amount owing to appellant was $122,360.03. After the suit was filed, Lang went into bankruptcy. Appellant was listed as a creditor of Lang and received $18,354.00 in partial payment as a result of the proceedings. Appellant filed a trial amendment asking that this amount be credited on the account sued upon and reduced his claim to $104,006.03. Although it was not credited to the amount decreed by the trial court, appellee has been given proper credit for the bankruptcy proceeds in the reformed judgment herein decreed.

Judgment of the trial court is reformed to provide for judgment for Zack Burkett Company against Industrial Indemnity Company in the amount of $104,006.03 plus interest at six percent (6%) per annum from October 10, 1979 to March 7, 1983 and interest on both of said items at nine percent (9%) per annum from March 7, 1983 until paid; judgment is further rendered for at-

torney's fees in the amount of $15,000.00, plaintiff shall have judgment for an additional amount of $5,000.00 as attorney's fees for appeal to the Court of Appeals, and if plaintiff successfully defends an appeal to the Supreme Court, plaintiff shall have judgment for an additional amount of $2,500.00, such attorney's fees of $15,000.00 shall bear interest at the rate of nine percent (9%) per annum from March 7, 1983, until paid; such additional attorney's fees shall bear interest at nine percent (9%) per annum from date of appropriate decree until paid. As herein reformed, such judgment is now rendered.