**INDUSTRIAL INDEMNITY COMPANY, Petitioner,**

v.

**ZACK BURKETT COMPANY, Respondent.**

No. C–2769.

Supreme Court of Texas.

June 20, 1984.

Fillmore & Associates, H. Dustin Fillmore, Fort Worth, for petitioner.

Jennings, Dies & Turner, David W. Knight and Frank Jennings, Graham, for respondent.

## PER CURIAM.

Our question is whether a subcontractor perfected his claim against a payment bond.

In 1978, Zack Burkett Company subcontracted with the general contractor, M.J. Lang Construction Company, to pave a parking lot. Lang obtained a payment bond written by Industrial Indemnity Company. After Lang failed to pay Burkett's final statement of $122,360.03, Burkett wrote a letter to Lang demanding payment of the unpaid balance. In this letter he gave notice of intent to file a lien on the property if payment was not made within ten days. A copy of this letter was sent to the owner of the project. When Burkett's claim went unpaid, he filed suit against Lang and Industrial. Lang, however, went into bankruptcy and a nonsuit was taken against him. Burkett received $18,354.00 through the bankruptcy proceedings, reducing his claim to $104,006.03, plus interest and attorneys' fees.

The trial court rendered judgment for Burkett for $20,689.00, which is the ten percent contractual retainage required in the subcontract between Burkett and Lang. The trial court concluded Burkett failed to perfect a claim on the payment bond, for $104,006.03. The trial court held Burkett had not given all notices and warnings required to perfect claims against payment bonds. The court of appeals reformed the trial court judgment and rendered judgment for the full amount of the claim against the payment bond. 662 S.W.2d 161.

The mechanics' and materialmen's lien statutes "are not exactly a model of clarity." *First National Bank in Graham v. Sledge*, 653 S.W.2d 283, 286 (Tex. 1983). However, the statutes provide only two methods for perfecting claims against payment bonds. Article 5472d, paragraph 4 [1] provides that a claimant may perfect a claim against a bond (1) "in the manner prescribed for fixing and securing a lien by Article 5453"; and (2) by giving to the original contractor all notices required by article 5453 and, in addition, giving to the corporate surety all notices which, under article 5453, are required to be given to the owner. Our only question is whether Burkett complied with the first of these methods for perfecting a claim gainst the payment bond.

The court of appeals held that compliance with Article 5469, the "retainage" statute, was sufficient to perfect a

---

1. All statutory references are to Tex.Rev.Civ. Stat.Ann. (Vernon Supp.1982–1983). Note that the Mechanics' and Materialmen's Lien statutes are now a part of Chapter 53 of the Property Code.

claim against Industrial on the payment bond. Article 5469 requires the owner to retain ten percent of the contract price owing to the general contractor for the benefit of unpaid mechanics and materialmen. If a payment bond covers the project, however, subcontractors are relegated to claims on the bond. The owner is relieved of all obligations to retain funds or to pay undisputed claims. Article 5472d, paragraph 7; *see also* Youngblood, *Mechanics' and Materialmen's Liens in Texas,* 26 SW L.J. 665, 699 (1972). Compliance with article 5469 does not constitute compliance with the requirements of article 5472d for perfecting a claim against a payment bond. The remaining parts of the court of appeals' opinion premised on this error are not material to that court's judgment.

■ We agree with the court of appeals that the trial court erred in holding it was necessary to give the "statutory warnings" required under article 5453, paragraph 2b(2). The "statutory warning" is a statement accompanying the billing sent "to the owner to the effect that if the bill remains unpaid he may be personally liable and his property subjected to a lien unless he withholds payments from the contractor for the payment of such statement or unless the bill is otherwise paid or settled." In *Trinity Universal Insurance Company v. Palmer,* 412 S.W.2d 691 (Tex.Civ.App.— San Antonio 1967, writ ref'd n.r.e.), it was held that compliance with this method for perfecting a claim against a payment bond meant that the "statutory warning" had to be given.

To require that an owner be warned that "he may be personally liable and his property subjected to a lien" when, because of the presence of the payment bond, the owner is relieved of liability, would be to require subcontractors to perform a meaningless exercise. Burkett's letter to Lang, a copy of which was sent to the owner, gave fair notice of the amount and nature of the claim and of Burkett's intention to take further action if the claim remained unpaid. This is sufficient notice.

■ The mechanics' and materialmen's lien statutes are to be liberally construed for the purpose of protecting laborers and materialmen. The "statutory warning" is not an essential element of a subcontractor's notice when perfecting a claim against a payment bond. We disapprove *Trinity Universal Insurance Company v. Palmer,* to the extent it conflicts with this opinion.

Accordingly, we refuse Industrial's application for writ of error with the notation "no reversible error."