**Nelda Darlene TUNNELL, Appellant,**

v.

**TEXAS REAL ESTATE COMMISSION, Appellee.**

**No. 05–88–00266–CV.**

Court of Appeals of Texas, Dallas.

Nov. 15, 1988.

Rehearing Denied Dec. 14, 1988.

Don Busby, Temple, for appellant.

George Warner, Asst. Atty. Gen., Austin, for appellee.

Before WHITHAM, BAKER and KINKEADE, JJ.

BAKER, Justice.

Nelda Darlene Tunnell appeals from the district court's judgment upholding revocation of her brokerage license by the Texas Real Estate Commission. She contends that the Commission's ruling should have been set aside as she was denied due process because the Commission failed to provide notice of the hearing, that the Commission failed to comply with the notice requirements of the Real Estate License Act, and that the Commission failed to comply with the notice requirements of the Administrative Procedure and Texas Register Act. We find that the Commission failed to prove compliance with the notice requirements of the Real Estate License Act; therefore, we reverse and remand.

On January 28, 1986, the Commission sent to Tunnell a letter outlining the allegations of fact that the Commission contended constituted a violation of the Real Estate License Act which could lead to the revocation of Tunnell's brokerage license. This letter was sent to her at 103 West Main Street, Box 545, Van, Texas 75790. A second letter, dated February 20, 1986, was sent to Tunnell at the same address. This letter repeated the allegations of fact alleged for purposes of revocation of her license and contained a notice that a hearing would be held on March 4, 1986, in Canton, Texas.

Tunnell did not appear at the hearing on March 4, and as a result of the hearing, her brokerage license was ordered revoked by the Commission. Tunnell filed a motion for rehearing, alleging that she did not receive notice of the hearing until March 6, 1986.

Her motion was denied. The district court upheld the Commission's ruling, resulting in this appeal.

In her second point of error, Tunnell contends that the Commission failed to comply with the notice provision of the Real Estate License Act. The notice provision of this statute provides:

The notice calling the hearing shall recite the allegations against the licensee and the notice may be served personally or by mailing it by certified mail to the licensee's last known business address, as reflected by the Commission's records, at least 10 days prior to the date set for the hearing.

TEX.REV.CIV.STAT.ANN. art. 6573a, § 17(a) (Vernon Supp.1988).

The hearing record reflects that the Commission's attorney, when proving up notice, made the following statement:

As Commission Exhibit C–3, we offer into evidence a photocopy of a two-page Texas Real Estate Commission letter addressed to Nelda Darlene Tunnell, dated February 20, 1986, shown to have been sent via certified mail return receipt requested number P019 057 817.

Exhibit C–3 itself consists only of a two-page letter. At oral argument the Commission's counsel conceded that the Commission was relying entirely on the date of the letter for proof that it was mailed at least ten days prior to the hearing date.

■ On appeal, the finding of an administrative agency will be sustained if it is reasonably supported by substantial evidence, meaning evidence introduced in court. *See Jones v. Marsh*, 148 Tex. 362, 224 S.W.2d 198, 202 (1949). This principle was confirmed by the Houston Court of Appeals in *Texas Real Estate Commission v. Howard*, 538 S.W.2d 429, 433 (Tex.Civ. App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.).

■ Where service of notice by certified mail is expressly authorized by statute, service is effected when the notice is properly stamped, addressed, certified, and mailed. *See Texas Real Estate Commission v. Howard*, 538 S.W.2d at 433. The

only evidence about the notice is the letter itself. There is no evidence in the record reflecting that the notice was properly stamped, addressed, and mailed more than ten days before the hearing date of March 4, 1986. We hold that the record fails to show by substantial evidence that the notice was mailed at least ten days prior to the date set for the hearing. We sustain appellant's point number two.

It is not necessary to discuss appellant's other points of error since our conclusion on point two disposes of the appeal. We reverse the order of the trial court upholding the decision of the Texas Real Estate Commission revoking appellant's real estate broker license and remand the cause to the trial court for remand to the Texas Real Estate Commission for further proceedings.