**Moton H. CROCKETT, Jr., Appellant,**

v.

**Sidney SAMPSON, Individually and d/b/a Overhead Door Company, Appellee.**

**No. 11659.**

Court of Civil Appeals of Texas.

Austin.

March 12, 1969.

Coleman Gay, Austin, for appellant.

Harold L. Nelson, Austin, for appellee.

HUGHES, Justice.

Joe Freidman contracted to construct a building for Moton H. Crockett, Jr., appellant. Sidney Sampson, appellee contracted with Freidman to furnish and install doors and electric operators in this building for $596.50, a reasonable price. Installation was completed June 8, 1965. Freidman failed to pay appellee who on August 31, 1965 mailed a letter to appellant advising him of this unpaid account requesting payment and enclosing a "Notice of Intent to File Lien." This notice, addressed to appellant, described the property in Travis County on which the building was constructed, itemized the account, and stated that a lien would be filed in the office of

the County Clerk of Travis County on or before September 30, 1965. This notice of intent was signed by appellee and duly sworn to by him before a Notary Public.

Appellee testified, "I did in fact file my affidavit for lien in the office of the County Clerk of Travis County, Texas."

There is in the record an instrument which we copy in full, except for description of the property, which bears the endorsement "Mechanic's Lien Records, Travis County, Texas" which we presume to be the instrument referred to by appellee. The date of filing is not shown. It reads:

"THE STATE OF TEXAS }
County of TRAVIS }

Sidney Sampson, Affiant, makes oath and says that he does business as, and is owner of OVERHEAD DOOR COMPANY OF AUSTIN and says that the annexed is a true and correct account of the labor performed and the materials furnished by him to and for Joe Freidman, Route 7, Box 608 of Austin, TRAVIS County, Texas, and that the prices thereof, as set forth in said account hereto annexed, are just and reasonable, and the same is unpaid; that the labor was performed and materials furnished for said Joe Freidman at the time in said account mentioned, under contract and/or by virtue of an agreement between affiant and Joe Freidman and that due notice was given by affiant of the labor performed and material furnished in accordance with law; and affiant further makes oath and says that he is informed that Moton H. Crockett, Jr. was, at the time said contract and/or agreement was made and entered into, and said materials were furnished and labor was performed, the owner of the house, building and/or improvements described as follows: Masonry commercial building and garage and the said house, building and/or improvements is situated upon a certain lot or tract of land which affiant is informed is now owned by Moton H. Crockett, Jr. * * * and this affiant claims a lien upon said premises and all improvements upon said land.

OVERHEAD DOOR COMPANY OF AUSTIN

By: /s/ Sidney Sampson
_____
(Owner)

THE STATE OF TEXAS }
County of TRAVIS }

Before me, Edith Ricketson, a Notary Public, in and for the State and County aforesaid, on this day personally appeared Sidney Sampson known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Given under my hand and seal of office, this 28 day of September, 1965.

(NOTARY SEAL)

/s/ Edith Ricketson
Notary Public in and for
Travis County, Texas"

The record does not disclose when construction of the building was completed.

The record does not disclose whether appellant retained or had in his possession any funds accrued or to accrue under his contract with Freidman when notified of appellee's claim.

In a non-jury trial, judgment was rendered for appellee for the sum sued for, interest and attorney's fees but without establishing a lien.

Appellee seeks to sustain his judgment upon the theory of quantum meruit in that it would be unjust enrichment for appellant to retain the benefits bestowed on him by appellee without paying for them. We overrule this contention.

There is neither pleading nor evidence that Freidman was the agent of appellant, or that appellee had any dealings with appellant, or that appellant did not pay Freidman the full contract price, or that Freidman was other than an independent contractor.

■ Liability on quantum meruit is based on a contract implied in law. An essential prerequisite to such liability is the acceptance of benefits by the one sought to be charged, rendered under such circumstances as reasonably to notify him that the one performing such services expected to be paid therefor by him, the person sought to be charged. 98 C.J.S. Work and Labor § 8, p. 724, Wyche v. Perrin, 228 S.W.2d 330, Tex.Civ.App. Dallas, writ ref. n. r. e. (1950).

■ There are no circumstances here which could have lead appellee to believe that any one other than Freidman would pay him for the work and materials expended by him. No equities in behalf of appellee against appellant are shown. There is no basis for a recovery in quantum meruit. McConnell v. Frost, 45 S.W.2d 777, Tex.Civ.App. Waco, writ ref. (1931).

We will now examine the potential liability of appellant for this claim under the provisions of Arts. 5452, 5453, 5455, 5463 and 5469, Vernon's Ann.Civ.St.

Art. 5452 provides for a lien in behalf of a subcontractor, such as appellee, upon the improvements being repaired or constructed "upon complying with the provisions of this Chapter."

Art. 5453 prescribes the method of securing the lien provided for in Art. 5452. In part, it requires that a subcontractor not later than 90 days after his indebtedness accrues "*shall file his affidavits claiming a lien*" in the office of the County Clerk of the county where the property being repaired or improved is located. (Italics added)

Art. 5463 authorizing an owner to retain funds due a contractor upon receiving the notices therein mentioned provides that, "Such funds shall be retained * * * *until the time for securing a lien under this Act has passed;* or if a *lien affidavit* has been filed, until a lien claim has been satisfied and released." (Italics added)

We quote the following portion of this Article:

"The owner shall in no case be required to pay, nor his property be liable for, any money, other than that required to be retained by him under the provisions of Article 5469 hereof, that he may have paid to the contractor before he is authorized under this Article to retain the money. *If the notices prescribed in Article 5453 have been received by the owner and claimant's lien has been secured in accordance with Article 5453* and the claim or any part thereof is reduced to final judgment, the owner shall be required to pay, and his property shall be liable for, any money that he may have paid to the contractor after he is authorized to retain such money by virtue of this Article, as well as any money he is re-

quired to retain by the provisions of Article 5469 hereof." (Italics added)

Article 5469 provides, in part, that whenever work is done whereby a lien may be claimed under Art. 5452 the owner shall retain in his hand a certain portion of the contract for a period of 30 days after the work is completed and further provides that, "All persons who shall send notices in the time and manner required by this Act and shall *file affidavits claiming a lien* not later than thirty (30) days after the work is completed shall have a lien" as therein stated. (Italics added)

Art. 5455 prescribing the form of claim to be used under these statutes states, in part, that *"An affidavit claiming a lien filed for record* by any one claiming the benefit of this Act shall be signed by the claimant, * * * " and requires, *"A sworn statement of his claim * * * "* (Italics added)

■ It is our opinion that appellee has not complied with these statutes in that the instrument filed by him for record is not, in our judgment, an "affidavit."

Art. 23, Sec. 18, V.A.C.S., defines an affidavit as follows:

"'Affidavit' means a statement in writing of a fact or facts signed by the party making it, and sworn to before some officer authorized to administer oaths, and officially certified to by such officer under his seal of office." [1]

■ It is obvious that the instrument filed for record by appellee is not an affidavit. It has no jurat on it. Rather, it has an acknowledgment. The two are not

the same. Wilde v. Buchanan, 303 S.W.2d 518, Tex.Civ.App. Austin, writ ref. n. r. e., 156 Tex. 606, 305 S.W.2d 778 (1957).

The identical question presented here regarding the validity of a claim because of its defective form has been before the courts of at least two other states. In Dalbey Bros. Lumber Company v. Crispin, 234 Iowa 151, 12 N.W.2d 277, Iowa Supreme Court (1943), the Court, with three justices dissenting, held that a sworn statement required to be filed by statute in order to perfect a mechanic's lien was not fatally defective because it had an acknowledgment form filled in by the Notary rather than a jurat in attesting to the signature of the claimant. The statement was in the form of an affidavit and it had both an acknowledgment and a jurat on it, the Notary signing only the acknowledgment. The Iowa Court in referring to another applicable Iowa case quoted to the effect that there the statute did not prescribe the form of an oath.

The contrary was held in Bell and Zajicek, Inc. v. Heyward-Robinson Company, 23 Conn.Sup. 296, 182 A.2d 339 (1962). There the Court held that a mechanic's lien acknowledged but not "sworn to" as required by the statute was invalid, the Court saying that while the lien statutes were to be construed so as to reasonably and fairly carry out their remedial intent the plain meaning of the language of a statute could not be ignored.

Appellee cites Womack v. Allstate Ins. Co., 286 S.W.2d 308, Tex.Civ.App. Amarillo, reversed 156 Tex. 467, 296 S.W.2d 233 (1957) and Order of Aztecs v. Noble, 174 S.W. 623, Tex.Civ.App. Austin, n. w. h.

---

1. Prior to 1957 an affidavit was defined by statute as follows: "All affidavits provided for in this title shall be in writing and signed by the party making the same." Art. 12, R.C.S.1911.

(1915) as supporting his contention that he filed an "affidavit." The affidavit in

Womack, which deponent signed, had this jurat:

"The State of Texas⎱
County of Dallas⎰ ss.

Before Me, the undersigned authority, on this day personally appeared Jack Walding, who being by me first duly sworn on his oath stated that the representations set out in the foregoing Affidavit are true.

Sworn and subscribed to by the said Jack Walding before me on this 16th day of September, 1954.

(Seal)

/s/ Paul R. Breeding
Notary Public in and for
Dallas County, Texas
Paul R. Breeding"

———◆———

Clearly, this case does not support appellee.

In Aztecs the jurat was not dated. The Court held dating was not required to its validity. There are statements in this opinion to the effect that in certain jurisdictions a jurat is not necessary to the validity of an affidavit.

In Farmer v. Cassity, 252 S.W.2d 788, Tex.Civ.App. Beaumont (1952) it was held that a jurat was not essential to a plea controverting a plea of privilege where the oath was in proper form and signed and the trial court found that the controverting plea was duly "verified."

There is no evidence here that the claimant, appellee, swore to the "affidavit" before an authorized person. Also, Cassity and Aztecs were before an affidavit was, by Art. 23, required to bear certification under seal by a qualified official.

We agree with the Connecticut Court. We cannot ignore the plain language of our statutes. Appellee's claim was not supported by his affidavit as the statutes require. In our opinion it was fatally defective. See Williams v. Pierce County Board of Commissioners, 267 F.2d 866 (9th Cir. 1959).

■ It is elementary that substantial compliance with the provisions of these statutes is essential to recovery under them. Mechanic's Liens, 38 Tex.Jur.2d, Sec. 34, p. 579.

We have considered the question of whether personal liability of appellant might be established upon a remand of this case even though the failure to secure a lien by proper and timely filing of an affidavit with the County Clerk could not now be effected. This has lead us to the case of General Air Conditioning Co. v. Third Ward Church of Christ, 426 S.W.2d 541, Tex.Sup. (1968).

We quote from the Court's opinion as follows:

"The foregoing statutes provide that when an owner fails to retain the ten per cent required by Article 5469, the claimants who have complied with the provisions of Article 5453 are entitled to recovery against the owner and a lien 'at least to the extent of the aforesaid fund of ten per cent (10%) which should have been retained.' Article 5469 requires a claimant to file his affidavit within thirty days in order to secure a lien against the fund retained by the owner, but does not require filing within thirty days in order to secure the lien on

the owner's property provided by Article 5469 or to obtain recovery against the owner as provided by Article 5463. General did not claim its lien within thirty days, but the Church did not retain the ten per cent required by Article 5469. Under these circumstances, we hold that the quoted provisions of Articles 5463 and and 5469 are controlling, and that General was entitled to a recovery and a lien against the Church property to the extent of the ten per cent fund that the Church was required to retain. We do not construe the thirty-day period for claiming liens contained in Article 5469 as being applicable when the owner fails or refuses to retain the ten per cent fund, because, under these circumstances Article 5469 grants a lien against the owner's property to 'all claimants complying with the provisions of this Act;' *and Article 5463 authorizes recovery from the owner of the amount that should have been retained '[i]f the notices prescribed by Article 5453 have been received by the owner and claimant's lien has been secured in accordance with Article 5453.'*

*Therefore, since General fixed and secured is statutory lien under the provisions of Article 5453, it was entitled to recovery against the Church and a lien on the Church's property under the provisions of Articles 5463 and 5469 to the extent of the ten per cent of the contract price that the Church was required to retain.* General's claim is less than this ten per cent fund, and therefore General is entitled to full recovery from the Church and a lien on the Church property to secure payment thereof." (Italics added)

Since we have held that the claimant, appellee, has not secured his lien in accordance with Art. 5453, he is not entitled to personal judgment against appellant either under Art. 5463 or under Art. 5469, the timely filing of both notice and lien affidavit being a prerequisite to such liability. Third Ward, supra; Texas and Northern Ry. Co. v. Logwood Sand & Gravel Co., 401 S.W.2d 886, Tex.Civ.App. Texarkana, n. w. h. (1966). See Lebo v. Dochen, 310 S.W.2d 715, 721, Tex.Civ.App. Austin, writ ref. n. r. e. (1958).

Although the statutes have undergone change, we believe the following statement in Fullenwider v. Longmoor, 73 Tex. 480, 11 S.W. 500, to correctly state the present law as here applied:

"From the time of the service of the notice upon the owner of the property he can make no further payment to the contractor without incurring liability for the lien debt, if proper steps shall be taken to establish it, to the extent of his indebtedness under the contract when the notice is served. If the owner of the property is indebted to the contractor the service of the notice, if followed by the acts required to fix the lien, secures the fund as does a writ of garnishment in an ordinary case, except that a pro rata distribution may become necessary by the terms of the statute between different lienholders, and the process of collecting the money is different."

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by his suit.

Reversed and rendered.