**DON HILL CONSTRUCTION CO., et al., Appellant,**

v.

**DEALERS ELECTRICAL SUPPLY CO., Appellee.**

No. 09–89–037 CV.

Court of Appeals of Texas, Beaumont.

May 17, 1990.

Glen Patrick, Tyler and Linda Poland, Zeleskey, Cornelius, Hallmark, Borgfeld & Roper, Lufkin, for appellant.

John L. Bates, Waco, for appellee.

## OPINION

WALKER, Chief Justice.

This case comes to us from the 159th Judicial District Court in and for Angelina County, Texas having been tried before the Honorable David Walker on a set of stipulated facts and written briefs. The trial court rendered a money judgment against all three defendants jointly and severally in the sum of $10,630.60 plus cost, interest and attorneys' fees. Defendants Don Hill and Brookshire Brothers perfected their appeal. Defendant Downing and Downing Electric did not appeal.

Originally, plaintiff/appellee, Dealers Electrical Supply Co., Inc., filed suit against Downing and Downing Electric, Don Hill Construction Co. and Brookshire Brothers, Inc. The facts reveal that appellee entered into a contract with Downing to furnish electrical materials to a construction project owned by Brookshire Brothers, Inc. Appellee did not have a direct contractual relationship with Brookshire Brothers or with appellant, Don Hill Construction Co., the original contractor. Appellee delivered materials totaling $6,585.39 during August, 1985 and additional materials in September, October and November, 1985.

Upon failure to receive payment from Downing & Downing, appellee sent its first notice of non-payment to Brookshire Brothers and Don Hill Construction on Novem-ber 11, 1985 claiming that Downing owed appellee the sum of $10,105.63. Appellee then sent a second notice of non-payment to Brookshire Brothers and Don Hill Construction on November 19, 1985 claiming $10,638.60 to be owed appellee by Downing. Appellee then filed its mechanic's lien affidavit on November 21, 1985.

On May 16, 1986, appellee filed its original petition in the district court seeking a money judgment against Brookshire Brothers, Don Hill Construction and Downing & Downing in the amount of $11,386.42 plus attorneys' fees and foreclosure of its lien.

The trial court rendered a money judgment against all three defendants in the amount of $10,630.60 plus cost and attorneys' fees giving appellee an additional $1,500.00 in attorneys' fees in the event this case was appealed to the court of appeals and $1,000.00 in the event of an appeal to the Supreme Court. The judgment did not order the lien foreclosed.

Subsequent to the entry of judgment in the trial court, the trial judge made a finding that the facts stipulated between the parties were adopted by the court as findings of fact and then the court went on to make 17 additional findings of fact accompanied by 15 conclusions of law.

Appellants are before this court setting out seven points of error. We shall address appellants' points of error one and two together since each are made as no evidence points, being set out as follows:

### Point of Error Number One

The trial court erred in rendering a money judgment against the owner (Brookshire) and original contractor (Don Hill) under TEX.PROP.CODE ANN. secs. 53.-081–53.084 (Vernon 1984) where there was no evidence that "money was paid to the original contractor (Don Hill) after the owner was authorized to withhold funds" as required by sec. 53.084.

### Point of Error Number Two

The trial court erred in rendering a money judgment against the owner (Brookshire) and the original contractor (Don Hill)

under TEX.PROP.CODE ANN. secs. 53.-101–53.103 (Vernon 1984) where there was no evidence that the owner failed to retain ten percent (10%) of the contract price.

A brief review of a "no evidence" challenge to the trial court's findings may be helpful.

> "No evidence" points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact.

*Calvert*, "'NO EVIDENCE' and 'INSUFFICIENT EVIDENCE' POINTS OF ERROR, 38 Texas L.Rev. 361, 362–3 (1960).

■ Under the "no evidence" challenge, the appellate court considers only the evidence and reasonable inferences therefrom, tending to support the findings and disregards all evidence and inferences to the contrary. Where there is at least some evidence of probative force to support the findings under "no evidence" attack, they are binding on the appellate court. *Ray v. Farmers State Bank of Hart*, 576 S.W.2d 607 (Tex.1979), *Commercial Union Assurance Company v. Foster*, 379 S.W.2d 320 (Tex.1964).

With this guidance in mind, we now look to see what the trial court had before it as consideration for making its factual findings. Note that the only facts before the trial court were the written stipulation of facts along with those exhibits referred to in said written stipulation which clearly constituted all of the evidence for consideration by the trial court as no oral testimony was presented. All parties to this litigation signed the agreed stipulation of facts.

Appellants properly set out in their brief the requirements under TEX.PROP.CODE ANN. secs. 53.081–53.084 (Vernon 1984) (sometimes referred to as "TRAPPING STATUTE"). Section 53.081 authorizes an owner *to withhold funds from the original contractor once it receives notice from a subcontractor* that it has not been paid. There is no question nor challenge but that notice was timely received by the owner, Brookshire Brothers. Section 53.-083 requires the owner *to pay the subcontractor from funds withheld if the original contractor does not timely object* to the subcontractor's claim. The record reflects no objection by the original contractor, Don Hill Construction Co., to the notice of claim made to the owner by the appellee herein. Furthermore, all parties stipulated that a notice of non-payment pursuant to TEX.PROP.CODE ANN. sec. 53.056 (Vernon 1984) was forwarded by plaintiff, appellee herein, to the subcontractor (Downing & Downing Electric), the general contractor (Don Hill Construction) and owner (Brookshire Brothers) by certified mail, return receipt requested, on November 11, 1985. All parties further stipulate that a second notice of non-payment pursuant to sec. 53.056 was mailed certified, return receipt requested, by appellee on November 19, 1985 increasing the amount noticed in the November 11 letter from $10,105.63 to $10,638.60 and that all parties received and receipted such notice. There was no evidence before the trial court but that the appellee gave proper notice to the defendants of its claim and furthermore, there was no evidence before the trial court but that appellee properly and timely filed its lien against the owner's property. It is. abundantly clear from the record that the owner, Brookshire Brothers, did not withhold funds after being properly noticed by appellee, nor even after appellee filed and perfected its lien. Appellants also state that the claimant, appellee herein, has the burden of proving that the funds were paid to the original contractor after the owner received the appellee's notices. As defendant's exhibit two was properly before the court for consideration as evidence, there can be no doubt but that the appellee met that burden.

■ With reference to appellant's first point of error contending that there was no

evidence that money was paid to the original contractor (Don Hill) after the owner was authorized to withhold funds as required by sec. 53.084, we must conclude to the contrary, i.e., that there *was* evidence upon which the trial court could conclude that money was paid to the original contractor after proper notice was given to the owner. If we look to the stipulations of fact and the findings of fact, it is apparent that the findings of fact include a finding of the stipulations of fact, we can readily see and so find that the owner made payments after notice and after the filing and perfecting of the materialman's lien. In this regard, we again look to defendant's exhibit two, which was before the trial court for consideration, and we see where payment was received by appellant, Don Hill Construction, in the amount of $3,028.00 on December 19, 1985 and a further payment in the amount of $112,500.00 on April 17, 1986. We are of the opinion that the trial court could unquestionably infer that those payments were received from the owner (Brookshire Brothers) at a time subsequent to the notices given by appellee and subsequent to the time in which appellee filed and perfected its lien.

In concluding our consideration of appellants' first point of error, we note the interesting observation raised by the appellee that no pleadings of the defendant and none of the stipulations of fact which were agreed to by all of the parties, amounted to a denial of payment after the notices sent by appellee were received, nor was any stipulation placed before the court as to "no payment" after notices were received by the owner. Appellee further points out that TEX.R.CIV.P. 298, 299 provide for a means of requesting additional or amended findings, and/or omitted findings. It is clear from the record that appellants made no such request and absent such request, the trial court could infer, from the evidence before it, that payment was made after the notices were received. After reviewing the record before us, we too feel that the trial court could make such an inference.

### RETAINAGE STATUTE

█ In appellants' second point of error, it is contended that there was no evidence upon which the court could base its reliance upon TEX.PROP.CODE ANN. secs. 53.-101–53.103 (Vernon 1984) (sometimes referred to as the "RETAINAGE STATUTE"). Section 53.101 requires an owner to withhold from the original contractor, ten percent (10%) of the contract price for 30 days after work is completed. Section 53.102 provides that the retained funds *secure the payment of laborers and materialmen.* Section 53.103 defines the procedure a claimant must follow to obtain a lien on retained funds. We readily admit that the evidence upon which the trial court must have based its findings of fact and conclusions of law was not as clearly present as the evidence regarding appellants' point of error number one. However, if we look to the stipulations of fact agreed to by all the parties herein, we find that the total amount of the project cost of the contract between defendant Don Hill and defendant Brookshire was $1,813,00.00. The trial court, in its findings of fact number 16, found that in the absence of pleadings to the contrary the court finds that Brookshire Brothers, Inc., the owner, paid all sums due under its contract with Don Hill Construction Co., the general contractor. Looking again to defendant's exhibit number two showing payments made to and from the general contractor, Don Hill Construction Co., coupled with the trial court's having no pleadings, contentions nor arguments to the contrary but that the stipulated contract price *had been paid,* we feel that the trial court could have inferred that all payments had been made from appellant Brookshire Brothers, Inc. to appellant Don Hill Construction Co. This is apparently what the trial court did as evidenced by finding of fact number 17 which states that:

> The Court finds that BROOKSHIRE BROTHERS, INC., the owner, failed to withhold 10 percent (10%) of the contract price at completion of the project from payment to DON HILL CONSTRUCTION CO., in the absence of allegations or stipulations to the contrary.

Looking to defendant's exhibit number two, which was before the trial court, we compute from such exhibit that appellant Don Hill Construction Co. received payment from appellant Brookshire Brothers, Inc. in the total sum of $1,835,228.31 leaving a balance on the contract of $1,722.69. We, therefore, conclude that the trial court had sufficient evidence before it to make a factual finding that appellant Brookshire Brothers, Inc. failed in its obligation under TEX.PROP.CODE Ann. sec. 53.101 (Vernon 1984) to withhold from the original contractor, ten percent (10%) of the contract price for 30 days after the work is completed.

For the above stated reasons, we overrule appellants' points of error number one and two.

Proceeding now to appellants' points of error three and four and again for clarity and purpose, we restate each point of error verbatim as follows:

### Point of Error Number Three

The court erred in rendering a money judgment against the owner (Brookshire) and original contractor (Don Hill) under Section 53.084 of the Property Code as to the deliveries made in August of 1985, where there was no evidence that "the lien was secured" through timely notification of the original contractor as required by Section [sic] 53.084 and 53.056(a) and (b) of the Property Code.

### Point of Error Number Four

The court erred in rendering a money judgment against the owner (Brookshire) and the original contractor (Don Hill) under Section 53.103 of the Property Code as to August, 1985 deliveries, where there was no evidence that Appellee timely sent the notices required by Section [sic] 53.103 and 53.056(a) and (b) of the Property Code.

■ We interpret appellants' points of error three and four as standing for the proposition that since appellee did not properly dot its "i"s and cross its "t"s in its notice to the original contractor (Don Hill Construction) that the effect thereof is to shoot through to the benefit of the owner as well as the original contractor, thereby striking dumb the appellee as to any legitimate opportunities afforded appellee under the appropriate sections of the Property Code, and that there was no evidence for the trial court to support its judgment. Perhaps more simply stated, appellants would have this court hold that if a subcontractor should in any way err in its notice to the general contractor, the effect of such allows the owner to escape. It is our opinion that such is clearly not the intent, purpose, nor design of our legislature in enacting those pertinent sections of the TEXAS PROPERTY CODE.

In addressing these points, we look to stipulation number 12 wherein all parties agree that the materialman's lien, filed by plaintiff, was filed not later than the 30th day after the project was completed and was filed within 90 days after the indebtedness accrued pursuant to TEX.PROP. CODE ANN. secs. 53.052, 53.053 and 53.-103 (Vernon 1984). It was further agreed and stipulated to between the parties that the original contractor (Don Hill) owes the sum of $6,115.05 to the plaintiff (appellee) for deliveries made in the months of September, October and November, 1985. The primary contention appears to be that all of appellee's efforts fail because appellee did not send its notice for August deliveries within 36 days of the tenth of the month next following date of delivery for the balance of the claim. Section 53.056(b) as to the 36 day rule, clearly applies only to the original contractor and there is no requirement that notice be sent to the owner. The two notices in sec. 53.056(b) are separate and apart from each other and the 90 day notice to the owner does not fail because of a failure to notice the original contractor within the 36 day requirement. If the owner receives the 90 day notice pursuant to TEX.PROP.CODE ANN. sec. 53.056(b) (Vernon 1984) on a timely basis, then proper notice sufficient to trap funds has been complied with and the owner does not escape responsibility because such notice was not timely under the 36 day notice rule applicable to general contractor. Appellee in this case fully complied not only with the

notice requirement but also with the statutory warning notice to the owner as provided in TEX.PROP.CODE ANN., sec. 53.-056(d) (Vernon 1984) which warns the owner that failure to withhold payments from the contractor can subject the owner's property to a lien.

No one disagrees that proper notice and warning was given to the owner in a timely mode as evidenced by the stipulation of the parties. Interesting to note is the fact that under TEX.PROP.CODE ANN. sec. 53.-083(b) (Vernon 1984), a provision is made for contesting of such a claim, as appellee herein made, by the original contractor. It is undisputed that the original contractor (Don Hill Construction Co.) received the 90 day notice as did the owner, furthermore, appellant (Don Hill Construction Co.), the original contractor, had 30 days to dispute the claim and if he failed to dispute same within 30 days, "he is considered to have assented to the demand and the owner shall pay the claim." We are left to some degree of conjecture that the reason the owner did not pay appellee's claim was based upon owner's reliance or understanding that appellee had in some way erred in its notice to original contractor pursuant to TEX.PROP.CODE ANN. sec. 53.056(b) (Vernon 1984). If this was indeed the reason, then we conclude that the owner was mistaken.

We could end this discussion here and move on however we feel it crucial to this case that we go a bit further and analyze TEX.PROP.CODE ANN. sec. 53.084 (Vernon 1984). This section provides as follows:

(a) Except for the amount required to be retained under Subchapter E [1]; the owner is not liable for any amount paid to the original contractor before the owner is authorized to withhold funds under this subchapter.

(b) If the owner has received the notices required by Subchapter C [2], if the lien has been secured, and if the claim has been reduced to final judgment, the owner is liable and the owner's property is subject to a claim for any money paid to the original contractor after the owner was authorized to withhold funds under this subchapter. The owner is liable for that amount in addition to any amount for which he is liable under Subchapter E.

Note that liability upon the part of the owner is in addition to the liability of the owner under TEX.PROP.CODE ANN. secs. 53.101, 53.102, 53.103, 53.104, 53.105 (Vernon 1984) (also known as Subchapter E).

In our case, the foregoing, although correct, is not necessary to appellee's claim for reason that the ten percent (10%) retainage required under TEX.PROP.CODE ANN. sec. 53.101 (Vernon 1984), is sufficient to pay appellee's claim. We state this in order to meet the contentions of appellant in reliance upon the 36 day notice provision. The only notice required to be given the owner of a project, is the 90 day notice which was given by the appellee in this case which included the necessary statutory warnings. Appellants' position that the failure to give the 36 day notice timely to the original contractor (Don Hill Construction) defeats the appellants' claim for part of its recovery is not a justifiable position.

In support of appellants' contention that appellee failed to properly secure their lien, appellants have cited the cases of *Hunt Developers, Inc. v. Western Steel Co.*, 409 S.W.2d 443 (Tex.Civ.App.—Corpus Christi 1966, no writ); and *Crockett v. Sampson*, 439 S.W.2d 355 (Tex.Civ.App.—Austin 1969, no writ). In *Hunt, supra*, Chief Justice Nye gives an excellent discussion of the distinction between the notice requirement under the 36 day rule and the 90 day rule, and the requirements for filing a lien under the 30 day before completion rule. We do not find this case supportive of appellants' position, nor do we find the *Crockett* case supportive. In *Crockett, supra*, there was no jurat on the lien, and the court very properly held the lien was invalid.

---

**1.** Section 53.101 et seq.

**2.** Section 53.051 et seq.

Appellants also cite the case of *First Nat. Bank v. Chaparral Elec. Supply*, 727 S.W.2d 353 (Tex.App.—Amarillo 1987, no writ) as setting out the distinction between the notice required of an original contractor and of a subcontractor or materialman. It is interesting to note that in the *Chaparral* case, a materialman failed to give the proper "statutory warnings" which prevented his recovery under the "trapping provisions", but the court held that his letter and lien allowed him to recover under the "retainage provision". Appellant further cites the case of *First Nat. Bank in Graham v. Sledge*, 653 S.W.2d 283 (Tex. 1983) which case has also been adopted by the appellee herein as support for its position. In the *Graham* case, Justice Campbell discusses the two methods by which a subcontractor can perfect a lien on the owner's property; one being the "trapping statute" and the other being the "retainage statute". This case was decided under the *Old Hardeman Act* which, with small changes, became the TEXAS PROPERTY CODE. The court held in that case that the notices did not have the statutory warning and therefore the trapping provision did not apply but that the retainage provisions did apply.

For the above lengthy stated reasons, appellants' points of error three and four are overruled.

▮ Appellants' point of error number five states that the court erred in imposing liability on the original contractor (Don Hill) in that TEX.PROP.CODE ANN. secs. 53.081–53.084 and 53.101–53.103 (Vernon 1984) do not impose liability on an original contractor for nonpayment of a subcontractor.

In response to this point of error, appellee cites to us the case of *Stone Fort Nat. Bank v. Elliott Elec. Supply*, 548 S.W.2d 441 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). This case was also cited by the appellant as support under their point of error number four. That particular case involved a controversy between a bank and a materialman. The court held as follows:

Even though materialman failed to comply with statutory requirement that it gives written notice of unpaid balance of claim to contractor not later than 36 days after the 10th day of month next following each month in which materials were furnished, funds in contractors hands which were due to subcontractor to whom materials had been furnished were trust funds for benefit of subcontractor's materialmen, and materialmen was nonetheless therefore entitled to recover amounts due from subcontractors from such funds.

That case was decided under the *Hardeman Act*. The provisions of art. 5472e, were carried over into TEX.PROP.CODE ANN. secs. 162.001–162.033 (Vernon 1984). TEX.PROP.CODE ANN. sec. 162.001 (Vernon 1984) provides as follows:

(a) Construction payments are trust funds under this chapter if the payments are made to a contractor or subcontractor or to an officer, director, or agent of a contractor or subcontractor, under a construction contract for the improvement of specific real property in this state.

TEX.PROP.CODE ANN. sec. 162.002, (Vernon 1984) provides as follows:

A contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor or owner, who receives trust funds or who has control or direction of trust funds, is a trustee of the trust funds.

*See, McCoy v. Nelson Utilities Services, Inc.,* 736 S.W.2d 160 (Tex.App.—Tyler 1987, writ ref'd n.r.e.).

This Court is of the opinion and believes that under the foregoing provisions and cases that appellant (Don Hill Construction), is liable under TEX.PROP.CODE ANN. sec. 162.002 (Vernon 1984) in that appellant (Don Hill Construction Co.) received from the owner (Brookshire Brothers) certain funds and/or payments which were clearly trust funds for which and to which appellee was beneficiary.[3] The mere

---

3. Beneficiary is defined under TEX.PROP.CODE ANN. sec. 162.003 (Vernon 1984) as artist, labor-

er, mechanic, contractor, subcontractor, or materialman who labors or who furnishes labor or

transfer of those funds from the owner to the general contractor does not defeat the funds classification as trust funds.

For the foregoing reasons, this Court affirms the trial court's judgment that appellant (Don Hill Construction) is liable to appellee. Point of error five is overruled.

■ Appellants' point of error number six represents to this Court that the trial court erred in awarding appellee's attorney's fees where there was no evidence of the amount of attorney's fees incurred by appellee nor was there any evidence of the reasonableness of the attorney's fees awarded. Point of error number seven complains that the trial court erred in awarding appellee's appellate attorney's fees where the fees were not conditioned upon appellee's success in the appellate court. For guidance as to the basis of the trial court's decisions on these final points of error, we look to stipulation of fact number 13 which reads:

> It is further stipulated that reasonable attorney's fees for Plaintiff in the event of judgment favorable to Plaintiff may be allowed by the trial Court and an additional amount may be allowed in the event of appeal.

Appellants are correct in that a review of the record before us shows absolutely no evidence as to the amount of attorneys' fees nor any evidence as to the reasonableness of attorneys' fees awarded, nor appellate attorney's fees being conditioned upon the success of the appeal. However, the stipulation of fact number 13 appears to this Court to be an agreement that no evidence would be necessary in the event the trial court granted judgment favorable to the plaintiff, nor in the event the judgment necessitated an appeal by the plaintiff. We are of the opinion that stipulation of fact number 13 left these matters completely to the reasonable discretion of the trial judge and there is no contention nor allegation on appeal that such discretion was abused. Based upon the agreement between all the parties, the trial court found in its findings of fact that the sum of

$2,000.00 would be a reasonable fee for the plaintiff through the trial court level and in the event of an appeal to the Court of Appeals, an additional $1,500.00 would be reasonable, and further, if an appeal were made to the Supreme Court of Texas, an additional fee of $1,000.00 would be reasonable. The trial court further found that all the above stated fees were necessary. We overrule appellants' points of error six and seven for reasons stated above.

The judgment of the trial court is in all things affirmed.

AFFIRMED.

material for the construction or repair of an improvement on specific real property in this

State is a beneficiary of any trust funds paid or received in connection with the improvement.