Affirmed and Opinion filed July 21, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00117-CV

___________________

 

Morrell Masonry Supply, Inc.,
Appellant

 

V.

 

Cedrick K. Loeb, Sabrina Loeb,
AND CELLAR DOOR HOMES, INC. Appellees



 



 

On
Appeal from the Civil Court at Law No. 1

Harris County,
Texas



Trial Court Cause No. 915086

 



 

 

OPINION

            Appellant Morrell Masonry Supply, Inc., appeals the
judgment from a bench trial in which the trial judge concluded the appellant should
take nothing in its breach-of-contract claim against the Loebs.  On appeal,
Morrell contends the trial court erred by (1) failing to take full judicial
notice of a construction contract between the Loebs and Cellar Door Homes,
Inc.; (2) concluding Morrell never gave the Loebs timely notice of its lien claim;
(3) concluding Morrell never gave timely notice nor perfected a claim to any
retainage funds required to be held by the Loebs; (4) concluding Morrell’s lien
claim on the Loebs’ homestead was null and void; and (5) awarding attorney’s
fees to the Loebs.  We affirm.  

I

            This
is a construction-industry contract case.  Cedrick and Sabrina Loeb, husband
and wife, contracted with Cellar Door Homes, Inc., to build them a new home. 
Cellar Door, the original contractor for the project, in turn hired a stucco
subcontractor who purchased materials on credit from Morrell.[1]  But the
subcontractor never paid for the materials, leaving a balance of $8,476.74.  

            Morrell
sent the Loebs and Cellar Door notice of its claim against the stucco
subcontractor via certified mail.  The notice further informed the Loebs that,
as owners of the property, they may be held personally liable for the debt and a
lien may be attached to their property.  The notice included copies of unpaid invoices
ranging from August 21 to November 10, 2007.  The Loebs signed for the notice
of the unpaid balance on January 15, 2008.  After receiving the notice, the
Loebs authorized the release of the remaining $54,514 balance of their
construction funds to Cellar Door.  On February 11, 2008, Morrell attempted to
file a lien on the Loebs’ homestead, and on March 12, 2008, Morrell sued the
Loebs and Cellar Door, seeking foreclosure on its materialman’s lien.  Morrell also
sought quantum-meruit damages as well as damages for misapplication of
construction-trust funds under Chapter 162 of the Texas Property Code, and
further requested an award of statutory interest on the unpaid balance.  

            After
a bench trial for which Cellar Door never appeared, the trial court concluded
Morrell should take nothing and awarded the Loebs attorney’s fees.  The trial
judge filed findings of fact and conclusions of law reflecting the court’s
conclusion that Morrell did not give the Loebs timely notice of its lien claim
or its claim to retainage funds the Loebs were statutorily required to
withhold.  The trial court further concluded Morrell never perfected a valid
lien on the Loebs’ homestead and that its lien claim was null and void because
it failed to satisfy requirements outlined by the Property Code.  

II

A

            We
first address Morrell’s second issue, in which it argues the trial court erred
in concluding Morrell never gave the Loebs timely notice of its lien claim. 
Because a derivative claimant has no contractual relationship with the property
owner, the claimant is required to give the property owner timely notice of an
unpaid balance before attempting to file a lien against the property.[2]  See Tex.
Prop. Code § 53.252(b).  A claimant must serve timely notice for a subsequently
filed lien to be valid.  See Tex. Prop. Code § 53.252(a).  Section
53.252 of the Property Code requires claimants other than the original
contractor to provide the property owner with written notice of the unpaid
balance “not later than the 15th day of the second month following each month
in which all or part of the claimant’s labor was performed or material or
specially fabricated material was delivered.”  Tex. Prop. Code § 53.252(b).  

            The
$8,476.74 unpaid balance Morrell claims it is owed is reflected through a
series of thirteen invoices beginning on August 21, 2007, and ending on
November 10, 2007.  The trial court found Morrell failed to give the Loebs timely
notice of the unpaid balance documented by the individual invoices except for
the last invoice, which is dated November 10, 2007, and reflects a balance of
$326.60.[3] 
Morrell gave the Loebs notice of its lien claim via certified mail in a letter
dated January 9, 2008, with the “green card” reflecting the Loebs received the
notice on January 15, 2008.  The first twelve invoices are dated in the months
of August, September, and October of 2007.  Accordingly, the notice deadline
was October 15, 2007 for the August invoices; November 15, 2007 for the
September invoices; and December 15, 2007 for the October invoices.  See Tex.
Prop. Code § 53.252(b).  The due date for the lone November 2007 invoice was
January 15, 2008; therefore, the notice of lien claim was sufficient only as to
the November 2007 invoice for $326.60.  Id.  The trial court did not err
in calculating the statutory deadlines for notice of a lien claim under section
53.252(a) of the Property Code.  

            Additionally,
the trial found the pre-lien claim notice insufficient because it did not
include the complete statutory notice required by section 53.254(g) of the
Property Code, which we include here in full:

For the lien on a homestead to be valid, the notice
required to be given to the owner under Section 53.252 must include or have
attached the following statement:

“If a subcontractor or supplier who furnishes materials or
performs labor for construction of improvements on your property is not paid,
your property may be subject to a lien for the unpaid amount if:

(1)  after receiving notice of the
unpaid claim from the claimant, you fail to withhold payment to your contractor
that is sufficient to cover the unpaid claim until the dispute is resolved;  or

(2) during construction and for 30
days after completion of construction, you fail to retain 10 percent of the
contract price or 10 percent of the value of the work performed by your
contractor.

“If you have complied with the law regarding the 10 percent
retainage and you have withheld payment to the contractor sufficient to cover
any written notice of claim and have paid that amount, if any, to the claimant,
any lien claim filed on your property by a subcontractor or supplier, other
than a person who contracted directly with you, will not be a valid lien on
your property.  In addition, except for the required 10 percent retainage, you
are not liable to a subcontractor or supplier for any amount paid to your
contractor before you received written notice of the claim.”

Tex. Prop. Code § 53.254(g)
(emphasis added).  The trial court found the pre-lien claim notice filed in
this case failed to include the complete notice required by statute, and
Morrell concedes on appeal that its notice omitted the statement’s last
sentence:  “In addition, except for the required 10 percent retainage, you are
not liable to a subcontractor or supplier for any amount paid to your
contractor before you received written notice of the claim.”  Based on this
finding, the trial court concluded Morrell’s lien claim is null and void.  

B

            Morrell
does not argue the trial court incorrectly calculated the statutory deadline to
give notice of a lien claim.  Rather, it argues that stipulations offered at
trial establish that the sections 53.081–085 of the Property Code, commonly
referred to as the “fund-trapping statute,” required the Loebs to “hold back”
enough money to pay the unpaid balance before exhausting their construction
funds in payments to the original contractor.  

The fund-trapping
statute enables a claimant to trap, in the owner’s hands, funds payable to the
general contractor if the owner receives notice from the claimants that they
are not being paid.  See Tex. Prop. Code § 53.081; Hadnot v. Wenco
Distrbs., 961 S.W.2d 232, 235 (Tex. App.—Houston [1st Dist.] 1997, no writ). 
If the owner pays any money to the general contractor after receiving notice
from the claimants, the owner’s property will be subject to a lien to the
extent of the money paid.  See Tex. Prop. Code § 53.084; Stolz v
Honeycutt, 42 S.W.3d 305, 311 (Tex. App.—Houston [14th Dist.] 2001, no
pet.); Hadnot, 961 S.W.2d at 235.

Morrell seemingly argues
that the January 9, 2008 pre-lien claim notice triggered the fund-trapping
statute even if it was insufficient to fulfill the statutory requirements for
filing a valid lien.  Abandoning any argument that notice was timely served,
Morrell instead points to stipulations at trial that the Loebs received the
January 9, 2008 notice.  Morrell also notes that $54,514 in construction funds
was available for disbursement.  The Loebs later paid those funds in full to
the original contractor, Morrell argues, despite having knowledge of Morrell’s
claim.  Morrell further argues the notice it provided the Loebs “start[ed] the
process by which, if the original contractor fails to give notice of intent to
dispute, the owner’s responsibility to pay the demand to the subcontractor
becomes absolute.”  To support this argument, Morrell cites section 53.083(b)
of the Property Code, a provision within the fund-trapping statute providing
that if an original contractor does not give the property owner notice of
intent to dispute a supplier’s claim within thirty days of receiving notice of
the claim, the original contractor “is considered to have assented to the
demand and the owner shall pay the claim.”  Accordingly, Morrell argues the
Loebs were required to cover the unpaid balance as soon as thirty days expired
without notice from Cellar Door of its intent to dispute Morrell’s claim.  

Morrell’s argument is
flawed because it ignores the notice requirement imposed by the fund-trapping
statute.  Section 53.081 of the Property Code requires that the property owner
must receive notice of a claim before he is authorized to withhold funds from
the original contractor, and the requirements for this notice to be effective
are intertwined with the requirements for effective notice of a pre-lien claim
notice.  A property owner is authorized to withhold from the original
contractor an amount necessary to pay the derivative claimant if the owner
receives notice under one of five provisions of the Texas Property Code, one of
which is section 53.252, the notice requirement applicable in this case.  See
Tex. Prop. Code § 53.081.  A pre-lien claim notice filed under section
53.252 is also sufficient to trigger the fund-trapping statute and authorize
the property owner to withhold funds if the notice “substantially
complies with” statutory requirements.  Id.  

We have already
determined the trial court properly concluded Morrell’s pre-lien claim notice
did not meet statutory requirements because it was not timely delivered.  And
although Morrell argues it substantially complied in reproducing the statement
required by section 53.254(g) of the Property Code, it makes no argument that
it “substantially complied” with section 53.252 of the Property Code.  Rather,
it cites Don Hill Construction Co. v. Dealers Electrical Supply Co., 790
S.W.2d 805 (Tex. App.—Beaumont 1990, no writ), for the proposition that the
failure of a subcontractor to perfect its lien “does not release the
authorization to withhold which the fund[-]trapping notice gives to the owner,
nor does such failure release the owner’s obligation to pay the subcontractor’s
claim upon an undisputed demand.”  

In Don Hill, a
supplier seeking payment of a debt provided the property owner with timely
pre-lien claim notice but failed to give timely notice to the original
contractor as required by section 53.056 of the Property Code.  Id. at
809.  The court concluded the two notice requirements were “separate and apart
from each other” and that the property owner could not escape responsibility
because notice was not timely filed with the original contractor.  Id. 
Even if we followed the Don Hill court’s reasoning, it would not apply
here.  The parties in Don Hill stipulated that notice was timely served
on the property owner.  See id. at 807.  Accordingly, the supplier’s
failure to deliver timely notice to the original contractor did not prejudice
the property owner.  See Wesco Distribution Inc. v. Westport Group, Inc.,
150 S.W.3d 553, 559 (Tex. App.—Austin 2004, no pet.) (noting the purposes of
notice are: (1) to give those parties entitled to notice an opportunity to
protect their interests, and (2) to prevent surprise).  Don Hill
does not command the holding that a claimant can fail to serve a property owner
with timely notice yet still reap the full benefit of the fund-trapping statute
simply because the property owner acknowledges receiving notice at some later
time.  To so hold would be to write the deadline for timely notice out of
section 53.081 of the Property Code. 

C

While conceding it
omitted part of the required statutory statement from its pre-lien claim
notice, Morrell argues it nonetheless substantially complied with section
53.254(g).  Morrell argues we should apply a liberal construction to the
fund-trapping statute to protect laborers and materialmen, urging that the
legislature “did not intend that the materialman should lose his lien through
the technicalities of a warning, where the owner was not misled to his
prejudice.”  

We note initially that
even if we agreed the statement included in Morrell’s pre-lien claim notice
substantially complied with statutory requirements, the notice still would have
been insufficient for all the invoices except November 2007 because they were
not timely delivered to the Loebs.  However, because notice was timely as to
the November 2007 invoice, we must further consider whether the incomplete
statutory statement independently rendered the notice ineffective. 

To support its argument,
Morrell directs us to Mustang Tractor & Equipment Co. v. Hartford
Accident and Indemnity Co., 263 S.W.3d 437 (Tex. App.—Austin 2008, pet.
denied).  The Mustang court considered whether lien affidavits that
omitted the date and method by which notice was sent to the property owner—which
are both required by statute—substantially complied with the requirements for a
valid lien affidavit outlined by section 53.054(a)(8) of the Property Code.  Id.
at 440.  The court, noting that the notices identified the date and method
by which they were sent, and that the parties did not dispute that the notices
were timely received, concluded the omission was merely a technical defect that
did not prejudice the property owner.  Id. at 444.  

But Morrell makes no
effort beyond citing and explaining the holding of Mustang to argue why
a complete reproduction of the statutory statement required by section 53.254(g)
is merely a technical requirement akin to the requirement that a lien affidavit
include the date and method of service.  In the introduction to the body of the
required statement, section 53.254(g) of the Property Code states: “For the
lien on a homestead to be valid, the notice required to be given to the owner
under Section 53.252 must include or have attached the following
statement.”  Tex. Prop. Code § 53.254(g) (emphasis added); see
also First Nat’l Bank in Graham v. Sledge, 653 S.W.2d 283, 287 (Tex. 1983)
(holding the statutory warning required by an earlier version of the
fund-trapping statute is a condition precedent without which a lien cannot be
imposed).  The statement that follows is an explanation to the property owner
of the possibility that a lien may be filed on his property and his potential
liability to the derivative claimant.  Without any additional argument from
Morrell, we decline to hold it is a mere technical requirement that may be
excused by substantial compliance. 

The trial court properly
concluded Morrell failed both to give the Loebs timely notice of its pre-lien
claim and to include in its notice the full language required by section
53.254(g) of the Property Code.  We further reject Morrell’s argument that the
fund-trapping statute was triggered despite Morrell’s failure to comply with
statutory notice prerequisites.  We overrule Morrell’s second issue.  

III

            In
its third issue, Morrell argues the trial court erred in concluding Morrell
never gave timely notice nor perfected a claim to the statutory ten-percent
retainage fund the Loebs were required to maintain.  

The retainage statute requires
an owner to retain ten percent of the contract price of the work until thirty
days after the work is completed.  See Tex. Prop. Code § 53.101; Stolz,
42 S.W.3d at 310.  If the owner does not comply with this subchapter, claimants
who comply with the statutory requirements have a lien, at least to the extent
of the amount that should have been retained from the original contract under
which they are complaining, against the property. See Tex. Prop. Code §
53.105(a); Stolz, 42 S.W.2d at 310–11; see also Hadnot, 961
S.W.2d at 234.  A claimant has a lien on retained funds only if it “sends the
notices required by this chapter in the time and manner required.”  Tex. Prop.
Code § 53.103.  Accordingly, Morrell’s failure to comply with the notice
requirements also defeated its claim to the retainage funds.  For the same reasons
outlined in Section II of this opinion, the trial court did not err in
concluding Morrell failed to give notice of and perfect a claim to any
retainage funds held by the Loebs.  We overrule Morrell’s third issue.

IV

            In
Morrell’s fourth issue, it argues the trial court erred in concluding Morrell’s
lien claim against the Loebs’ property was null and void.  Again, for the reasons
explained in Section II of this opinion, the trial court properly concluded the
lien claim was null and void.  An additional basis for the trial court’s
conclusion is that Morrell’s lien affidavit did not contain the following
language, which section 53.254(f) requires for lien affidavits filed on
homesteads:  “THIS IS NOT A LIEN.  THIS IS ONLY AN AFFIDAVIT CLAIMING A LIEN.”  Accordingly,
both Morrell’s pre-lien claim notice and its lien affidavit failed to comply
with statutory requirements.  The trial court did not err in concluding
Morrell’s lien claim on the Loebs’ property is null and void.  

V

            In
its fifth issue, Morrell argues the trial court erred in awarding the Loebs
attorney’s fees in the amount of $7,000 as well as all attorney’s fees incurred
on appeal.  Morrell argues only that the trial court erred in awarding
attorney’s fees because it erred in concluding Morrell failed to perfect a lien
based on the arguments we have already addressed.  Morrell does not present any
separate argument that attorney’s fees were improperly awarded even if we
affirmed the trial court’s judgment.  And indeed, section 53.156 of the
Property Code authorizes the court to award costs and reasonable attorney’s
fees as are equitable and just in any proceeding to foreclose a lien.  With no
argument from Morrell that the attorney’s fees awarded in this case were
unreasonable, we overrule Morrell’s fifth issue.  

VI

            In
its sixth issue, Morrell contends the trial court erred in failing to grant
Morrell a default judgment against Cellar Door.  The record reflects Cellar
Door was constructively served through the Secretary of State, but never answered. 
Other than the certificate of service from the Secretary of State, however, Morrell
does not point us to anything in the record showing it sought or was entitled
to a default judgment against Cellar Door.  There is no motion for a default
judgment in the record, nor is there any indication in the record that Morrell asked
the trial court for a default judgment against Cellar Door at either docket
call or trial.  See Tex. R. Civ. P. 238, 239.  Moreover, the record does
not appear to contain a certificate of last known address or any other
documentation supporting a default judgment.  See Tex. R. Civ. P. 239,
239a.  Accordingly, upon final judgment the trial court dismissed all claims
against Cellar Door.  In its motion for new trial, Morrell requested for the
first time a default judgment against Cellar Door; however, it did not give the
trial court any indication that the prerequisites for a default judgment had
been satisfied, nor did it supplement the record with a certificate of last
known address, as would have been required for the trial court to grant the
requested relief.  Therefore, the trial court did not err in denying Morrell’s
request for a default judgment against Cellar Door, and we overrule Morrell’s
fifth issue.  

VII

In Morrell’s first
issue, it argues the trial court erred by taking only “partial” judicial notice
of the contract between the Loebs and Cellar Door.  The trial court found there
was “no written contract entered into evidence during the trial” between Cellar
Door and the Loebs, although the trial court apparently took “partial” judicial
notice of the contract after trial but before final judgment.  At any rate,
Morrell made no attempt at trial to admit the contract into evidence.  We need
not decide Morrell’s first issue, however, because even if the trial court did
take “full” as opposed to “partial” judicial notice of the contract, or if
Morrell had taken steps to admit the contract into evidence at trial, our
holding as to Morrell’s failure to give effective pre-lien claim notice and to
file a valid lien would still require us to affirm.  Accordingly, we do not
reach Morrell’s first issue.  

***

            For the foregoing reasons, we affirm the
trial court’s judgment.  

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce, and Jamison.

 









[1] Although the contract
between the Loebs and Cellar Door was never admitted into evidence, the parties
do not dispute that Cellar Door was the original contractor.  





[2] There are various
provisions of the Property Code applying somewhat different notice requirements
under different scenarios.  In this case, it is undisputed that the Loebs’
property is their homestead, and that the notice provisions concerning
homesteads specifically apply.  For the sake of clarity, we refer only to those
notice provisions.  





[3] In its sixth finding of
fact, the trial court found Morrell did not meet the deadlines imposed by
section 53.252 of the Property Code, and in a handwritten annotation added
“except for the 11/10/08 invoice in the amount of $326.60.”  There are no 2008
invoices in the record, and we assume the trial court simply made a
typographical error and intended to refer to the invoice dated November 10,
2007.